UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

SHIYING DING, individually and
derivatively on behalf of Qitopia at
Willowbrook Mall LLC,

                Plaintiffs,                                  **REPORT AND**
                                                                 **RECOMMENDATION**
             -against-                                21-CV-6968 (KAM) (TAM)

LIANG SUN,

                Defendant.

----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

        On November 5, 2021, New York resident Shiying Ding filed this lawsuit in New York State Supreme Court seeking relief on behalf of herself and Qitopia at Willowbrook Mall, LLC ("Qitopia" or the "LLC"), a two-member LLC of which she alleges to be a member and manager (collectively, "Plaintiffs"). (State Court Summons and Complaint ("Compl."), ECF No. 13-2.) On December 17, 2021, Defendant and New Jersey resident Liang Sun ("Defendant"), the other LLC member, removed the case to federal court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1.) On April 13, 2022, the Court directed the parties to show cause as to whether there is complete diversity for purposes of subject matter jurisdiction, in light of this case involving the LLC as one of the parties. (Apr. 13, 2022 ECF Minute Entry and Order; Apr. 13, 2022 Order to Show Cause.)

        Currently pending before the Court is Plaintiffs' motion to remand the case, which the Honorable Kiyo A. Matsumoto referred to the undersigned Magistrate Judge for a report and recommendation. (*See* Pls.' Resp. Letter & Motion to Remand ("Pls.'

Mot."), ECF No. 13; Def.'s Resp. Letter ("Def.'s Resp."), ECF No. 14; May 12, 2022 ECF Order Referring Motion.) For the reasons set forth below, the Court respectfully recommends that this action be remanded to New York Supreme Court, Queens County, for lack of subject matter jurisdiction.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Ding initiated this action in New York State Supreme Court, Queens County, on November 5, 2021, seeking to vindicate her membership interests in Qitopia. (*See* Compl., ECF No. 13-2, ¶¶ 1–2, 9.) As noted, Plaintiff Ding is a New York resident, and Defendant is a New Jersey resident. (*Id.* ¶¶ 5–6.) Plaintiff Ding alleges that Defendant was originally the sole owner and member of Qitopia, which is based in the Willowbrook Mall in Wayne, New Jersey. (*Id.* ¶ 9.) She claims that on April 1, 2017, she paid Defendant $120,000 and entered into an operating agreement to acquire a 49% membership interest in Qitopia. (*Id.*) As part of this agreement, Defendant and Plaintiff Ding were to share profits from the LLC equally, and Plaintiff's rights were to include, among other things, "executing daily operation of the business, hiring front desk [staff] and planning daily task[s], and managing business accounting." (*Id.*) However, beginning on September 1, 2021, Plaintiff Ding claims that Defendant "denied Plaintiff access to the company's operating records and books and refused to make distribution to Plaintiff in proportion[] with her membership interests," thereby wrongfully excluding her from Qitopia's daily business affairs. (*Id.*)

Plaintiff Ding styled her complaint as a derivative action "brought by a New Jersey Limited Liability Company (LLC) member on behalf of her individual[ly] and the LLC against other member[s] of the LLC[.]" (*Id.* ¶ 1.) Plaintiff Ding seeks, *inter alia*, a judgment granting her the right to inspect Qitopia's operating records and books,

2

declaring that she maintains a 49% membership interest in Qitopia, and awarding her damages of at least $200,000. (*Id.* ¶ 2, Prayer for Relief.)

After filing the complaint on November 5, 2021, Defendant was served on November 20, 2021, and removed the case to federal court on December 17, 2021. (Notice of Removal, ECF No. 1, ¶¶ 1–2.) Defendant stated that he timely filed the notice in accordance with 28 U.S.C. §§ 1441 and 1446, and "pursuant to 28 U.S.C. § 1332, as it involves a controversy between . . . a resident of the State of New York . . . [and] a resident of the State of New Jersey," and because the amount in controversy exceeds $75,000. (*Id.* ¶¶ 3, 5–7.) Notably, Defendant stated that "despite [] Plaintiff alleging that this is a derivative action brought in the name of [] Plaintiff 'individually and derivatively on behalf of Qitopia at Willowbrook Mall LLC,' no actual claims have been made on behalf of the Qitopia at Willowbrook Mall LLC entity." (*Id.* ¶ 5(c).) Defendant contends that "Plaintiff has only set forth a breach of contract claim on behalf of herself individually, as there is no reference to any alleged damage on behalf of [Qitopia] . . . and the relief sought . . . is entirely personal to the individual Plaintiff[.]" (*Id.* ¶ 5(d), (e) (arguing that Plaintiff's request for a judgment declaring her ownership interest "further contradicts her representation that she is bringing the complaint individually and on behalf of the LLC entity").) As a result, Defendant avers that Qitopia "is not an appropriate or relevant party for the purposes of any diversity jurisdiction analysis." (*Id.* ¶ 5(f).)

The undersigned Magistrate Judge held a telephonic initial conference on April 13, 2022, during which the parties and the Court discussed subject matter jurisdiction and the appropriate venue for this case. (Apr. 13, 2022 ECF Minute Entry and Order.) Following the conference, the Court ordered the parties to show cause "why this matter should not be remanded to state court for want of complete diversity of citizenship."

3

(Apr. 13, 2022 Order to Show Cause.) Specifically, the Court directed the parties to "address whether, as a member of the LLC, Defendant Liang Sun's New Jersey citizenship . . . destroy[s] diversity." (*Id.*) The parties filed their respective responses on April 27, 2022, and Judge Matsumoto referred Plaintiffs' request to remand the case for lack of subject matter jurisdiction to the undersigned for a report and recommendation. (*See* Pls.' Mot., ECF No. 13; Def.'s Resp., ECF No. 14; May 12, 2022 ECF Order Referring Motion.)[1]

For the reasons set forth below, the Court respectfully recommends that the case be remanded to New York Supreme Court, Queens County.

## DISCUSSION

### I. Legal Standards

As courts of limited jurisdiction, federal courts "have a continuing and independent duty to ensure that they possess subject matter jurisdiction, and must dismiss a case when they find subject matter jurisdiction lacking." *Pan v. Whitaker*, 351 F. Supp. 3d 246, 249–50 (E.D.N.Y. 2019); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Federal courts have original jurisdiction when a "federal question" is presented, *see* 28 U.S.C. § 1331, or when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See id.* § 1332. When a basis for federal

---

[1] On December 23, 2021, Defendant filed a motion for a pre-motion conference in anticipation of filing a motion to dismiss and a motion to transfer the case to the District of New Jersey. (Def.'s Mot. for Pre-Mot. Conference, ECF No. 5; *see also* Def.'s Amended Mot. for Pre-Mot. Conference, ECF No. 6 (proposing a revised briefing schedule).) On January 27, 2022, Judge Matsumoto ordered Plaintiffs to show cause as to why the case should not be transferred to the District of New Jersey, to which Plaintiffs responded on February 4, 2022. (Jan. 27, 2022 Order to Show Cause; Pls.' Resp. to Order to Show Cause, ECF No. 9.) Judge Matsumoto then scheduled a pre-motion conference, which was ultimately adjourned in light of the Plaintiffs' filing a motion to remand. (Mar. 25, 2022 ECF Order; May 12, 2022 ECF Scheduling Order.)

4

jurisdiction exists in an action filed in state court, the defendant may remove the case to "the district court . . . where such action is pending." 28 U.S.C. § 1441(a).

The removing defendant bears the burden of establishing that removal is proper. *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 287 (E.D.N.Y. 2014). In addition, "'federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Elome v. Sva Trucking LLC*, No. 21-CV-5241 (BMC), 2021 WL 4480456, at *1 (E.D.N.Y. Sept. 30, 2021) (alteration in original) (quoting *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019)). "If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3). Upon a court's determination that it lacks subject matter jurisdiction, district courts are authorized to remand the case at any time, pursuant to 28 U.S.C. § 1447(c). *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006).

**II.    Analysis**

The parties do not dispute that the individual Plaintiff is a citizen of New York, that Defendant is a citizen of New Jersey, or that the amount in controversy exceeds $75,000. (*See* Pls.' Mot., ECF No. 13, at 1; Def.'s Resp., ECF No. 14, at 10 ("[T]here is absolutely no dispute that there is diversity jurisdiction as to the two (2) individually named parties."); *see also* Compl., ECF No. 13-2, ¶¶ 5–6, Prayer for Relief.) Rather, the question before the Court is how, if at all, Qitopia should be factored into an evaluation of diversity jurisdiction. Plaintiffs request that the case be remanded to state court for lack of diversity jurisdiction because "the LLC is a citizen of both New Jersey and New York," and therefore, given that "the LLC and Defendant are citizens of the same state," there is no complete diversity between the parties. (Pls.' Mot., ECF No. 13, at 7.) Defendant, on the other hand, argues that Plaintiffs' complaint "seeks no relief as to the

5

LLC," and Qitopia is thus "a nominal party that must be disregarded for diversity jurisdiction purposes." (Def.'s Resp., ECF No. 14, at 4, 5; *see also id.* at 12 (arguing that "no actual claims have been made on behalf of Qitopia"); Notice of Removal, ECF No. 1, ¶ 5.)

Framed another way, Defendant essentially argues that Plaintiff Ding has alleged only direct claims against Defendant. This is not at all clear to the Court.[2] In addition, as discussed below, Defendant has failed to show that Qitopia is a nominal party that can be set aside to preserve diversity jurisdiction. More specifically, Defendant has not established that Qitopia's stake in the outcome of this litigation is sufficiently trivial so

---

[2] "'Whether a claim is derivative or direct is a question of state law.'" *Seibel v. Frederick*, No. 20-CV-2603 (PAE), 2020 WL 1847792, at *3 (S.D.N.Y. Apr. 13, 2020) (quoting *Bartfield v. Murphy*, 578 F. Supp. 2d 638, 645 (S.D.N.Y. 2008)). Because Qitopia appears to be a New Jersey LLC, New Jersey law would likely determine the answer in this case. *See* N.Y. Ltd. Liab. Co. Law § 801(a); *cf. Suedrohrbau Saudi Co. v. Bazzi*, No. 19-CV-5130 (EK) (LB), 2021 WL 980883, at *4 n.2 (E.D.N.Y. Mar. 16, 2021). To conduct the inquiry as to whether a claim is derivative or direct under New Jersey law, "'courts examine the nature of the wrongs alleged in the body of the complaint, not the plaintiff's designation or stated intention.'" *Bergstein v. Emerson Convalescent Ctr., Inc.*, No. 16-CV-8009 (JMV) (AME), 2021 WL 5448786, at *12 (D.N.J. Nov. 22, 2021) (quoting *Strasenburgh v. Straubmuller*, 146 N.J. 527, 551 (1996)); *see also* N.J.S.A. §§ 42:2C-67–68. Defendant's principal argument is that Plaintiff Ding does not, in fact, allege any derivative claims on behalf of Qitopia. (*See* Notice of Removal, ECF No. 1, ¶ 5; Def.'s Resp., ECF No. 14, at 7, 10, 12–13.) Some of the claims alleged in the complaint could arguably be construed as direct claims on behalf of Plaintiff Ding only. (*See, e.g.*, Compl., ECF No. 13-2, ¶ 25 (requesting distribution from the LLC).) However, even if Plaintiff Ding alleges some direct claims, that does not preclude her from also alleging derivative claims to enforce the rights of the LLC. *Cf. Austar Int'l Ltd. v. AustarPharma LLC*, 425 F. Supp. 3d 336, 348 (D.N.J. 2019); *Rose v. Horan*, No. 17-CV-6408 (MKB), 2018 WL 4344954, at *1 (E.D.N.Y. Sept. 11, 2018); *Cook v. Toidze*, 950 F. Supp. 2d 386, 391 n.5 (D. Conn. 2013); *Bischoff v. Boar's Head Provisions Co.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y. 2006).

For example, Plaintiff Ding alleges that Defendant "exclud[ed her] from the LLC's daily business affairs," and that "[w]ithout access to the company's operating records and books, Plaintiff is not able to fulfill her responsibilities as a manager of the LLC[.]" (Compl., ECF No. 13-2, ¶¶ 13, 19.) In the context of a two-member LLC, these claims could be considered "derivative in nature because they concern [the LLC]'s assets and operations," as well as potential harms to the LLC itself. *See Tully v. Mirz*, 457 N.J. Super. 114, 126 (N.J. Super. Ct. App. Div. 2018). At this juncture, however, the Court need not decide whether these claims are derivative or direct as a matter of state law because, as explained herein, Defendant has not met his burden to show that Qitopia is a nominal party. *Cf. Lis v. Lancaster*, No. 19-CV-1414 (JSR), 2019 WL 2117644, at *2–3 (S.D.N.Y. Apr. 25, 2019).

6

as to allow the Court to simply ignore the LLC as a party relevant to the diversity analysis. Whether Qitopia is included as a plaintiff, with Plaintiff Ding bringing derivative claims on its behalf, or considered as a defendant from which Plaintiff Ding seeks concrete relief, Qitopia's citizenship must be considered, and the Court therefore finds complete diversity to be lacking.

Accordingly, the Court respectfully recommends that this case be remanded for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

### A. Defendant Has Failed to Show that Qitopia is a Nominal Party

Defendant argues that Qitopia "is not an appropriate or relevant party for the purposes of any diversity jurisdiction analysis." (Notice of Removal, ECF No. 1, ¶ 5(f) (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206–07 (2d Cir. 2001)); *see also* Def.'s Resp., ECF No. 14, at 4, 8, 12, 14–15 (suggesting that Qitopia "is simply a rogue entity named for the purposes of defeating a basis to properly remove this matter to Federal Court . . . .").) In addition, Defendant asks the Court to apply the "collision of interests test" and to "realign" the parties pursuant to their "true interests." (Def.'s Resp., ECF No. 14, at 10–11, 14–15 (citing, *inter alia*, *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69–70 (1941)).)

According to Defendant, such a "realignment" would "require[] the designation of [Plaintiff] Shiying Ding as the sole Plaintiff and [Defendant] Liang Sun as the sole Defendant." (Def.'s Resp., ECF No. 14, at 14.) The Court construes this as a request to deem the LLC a nominal party.[3] *See Walpert v. Jaffrey*, 127 F. Supp. 3d 105, 119–20

---

[3] To the extent that Defendant is arguing that Qitopia was "fraudulently joined" to defeat diversity, Defendant has not demonstrated "by clear and convincing evidence, 'either that there has been outright fraud committed in . . . plaintiff's pleadings, or that there is no possibility, based on the pleadings, that . . . plaintiff can state a cause of action against [Defendant] in state court.'" *Battaglia v. Shore Parkway Owner LLC*, 249 F. Supp. 3d 668, 671

7

(S.D.N.Y. 2015) (discussing Fed. R. Civ. P. 21); *see also Selengut as Tr. of Pauline Selengut Irrevocable Tr. v. Selengut as Tr. of PS 1-16 Tr.*, No. 19-CV-2556 (RJD) (SLT), 2019 WL 5212962, at *2 (E.D.N.Y. Oct. 16, 2019) ("*Selengut*") ("[T]he Court must confront essentially the same question in determining whether a party is 'nominal' and whether a party is 'necessary and indispensable.' In both inquiries, the principal focus is on whether the party in question has a personal stake in the outcome of the litigation and is thus necessary to an ultimate resolution." (quotation marks omitted)); *Begani v. 960 Assocs. LLC*, No. 18-CV-12000 (ALC) (SLC), 2021 WL 5362173, at *6 (S.D.N.Y. May 10, 2021), *report and recommendation adopted*, No. 18-CV-12000 (ALC) (SLC), 2021 WL 4892865 (S.D.N.Y. Oct. 20, 2021). "The removing party bears the burden of demonstrating that a nondiverse defendant is a formal or nominal party whose citizenship may be ignored for diversity purposes." *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 389 (S.D.N.Y. 2006); *see also Johnson v. Cnty. of Suffolk*, 280 F. Supp. 3d 356, 362 (E.D.N.Y. 2017) ("[T]he removing party bears a heavy burden, and all factual and legal issues must be resolved in favor of the non-removing party." (alterations and quotation marks omitted)).

Importantly, in addressing whether Qitopia is a nominal party, the Court need not decide whether, as a matter of state law, the complaint states a viable claim on behalf of the LLC. *See Lis v. Lancaster*, No. 19-CV-1414 (JSR), 2019 WL 2117644, at *2 (S.D.N.Y. Apr. 25, 2019). "[T]he less searching standard used on a remand motion [] is important to ensure that the federal courts are not drawn into resolving the merits of state-law disputes in order to determine whether they have jurisdiction to do so." *Tamm*

---

(E.D.N.Y. 2017) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)); *see also Rose*, 2018 WL 4344954, at *4.

*v. Cincinnati Ins. Co.*, No. 18-CV-11415 (RA) (BCM), 2019 WL 5722131, at *6 (S.D.N.Y. Aug. 15, 2019) (quotation marks omitted), *report and recommendation adopted sub nom. Tamm Consulting v. Cincinnati Ins. Co.*, No. 18-CV-11415 (RA), 2020 WL 1144713 (S.D.N.Y. Mar. 9, 2020), *aff'd sub nom. Tamm v. Cincinnati Ins. Co.*, 858 F. App'x 412 (2d Cir. 2021) (summary order); *cf. Battaglia v. Shore Parkway Owner LLC*, 249 F. Supp. 3d 668, 673 (E.D.N.Y. 2017) (observing that "the purpose of the fraudulent joinder inquiry" is not "to adjudicate the merits of the case").

Here, Defendant has failed to show that Qitopia's presence is nominal. For one thing, Plaintiff Ding is requesting access to "*the LLC's* operating records and books," including "all financial statements, bank accounts, and transaction records," as well as "distribution *from the LLC*." (Compl., ECF No. 13-2, ¶¶ 16, 19–21, 25 (emphasis added).) Therefore, "the court cannot accord complete relief among existing parties" without Qitopia's participation in the lawsuit. Fed. R. Civ. P. 19(a)(1)(A). In addition, Plaintiff Ding is seeking a declaratory judgment that she owns a 49% membership interest in Qitopia. (*See* Compl., ECF No. 13-2, ¶¶ 2, 29.) The Court is not persuaded that Qitopia has no interest in who owns it. *See Lis*, 2019 WL 2117644, at *3 (citing *Birnbaum v. SL & B Optical Centers, Inc.*, 905 F. Supp. 267, 271 (D. Md. 1995)); *see also Audi of Smithtown, Inc. v. Volkswagen of Am., Inc.*, No. 08-CV-1773 (JFB) (AKT), 2009 WL 385541, at *5–6 (E.D.N.Y. Feb. 11, 2009).

Moreover, despite both of Qitopia's members being parties in this action, and although the LLC's interests may be aligned with one of the individual parties, "their presence as individual parties is insufficient to protect [Qitopia]'s separate and distinct interests[.]" *Mazzio v. Kane*, No. 14-CV-616 (ARR) (MDG), 2014 WL 2866040, at *6 (E.D.N.Y. June 24, 2014); *see also Weber v. King*, 110 F. Supp. 2d 124, 128 (E.D.N.Y. 2000) (concluding that "Plaintiffs cannot argue that the presence of all members of the

9

Company before the Court is sufficient to protect the interests of the Company" when the LLC is a "separate legal entity"); N.J.S.A. § 42:2C-4(a) ("A limited liability company is an entity distinct from its members."); N.Y. Ltd. Liab. Co. Law § 203(d) (same). In short, Defendant has failed to establish that Qitopia lacks a "stake in the outcome of the litigation" and is thus unnecessary to the "ultimate resolution" of this case. *Selengut*, 2019 WL 5212962, at *2.[4]

Because the Court finds that Defendant has failed to meet his burden to demonstrate that Qitopia is a nominal party under Federal Rule of Civil Procedure 19, the LLC's citizenship must be considered in the diversity analysis. *See Lis*, 2019 WL 2117644, at *3; *Selengut*, 2019 WL 5212962, at *4.

### B. The Court Lacks Subject Matter Jurisdiction

"To remove a case based on diversity jurisdiction, the diverse defendant must aver that all of the requirements of diversity jurisdiction have been met." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011); *see also* 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of each of its members. *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Here, because Plaintiff Ding alleges that she and Defendant are members of Qitopia, and given that Qitopia assumes the citizenship of both individual parties, i.e., of New York and New Jersey, there is no complete diversity. *See Atanasio v. O'Neill*, 235 F. Supp. 3d 422, 425 (E.D.N.Y. 2017); *Rose v. Horan*, No. 17-CV-6408 (MKB), 2018 WL 4344954, at *3 (E.D.N.Y. Sept. 11, 2018); *Cook v. Toidze*, 950 F. Supp. 2d 386, 390 (D. Conn.

---

[4] The Court is also not persuaded by Defendant's argument that Plaintiffs' failure to amend their complaint "supports . . . Defendant's position that no cognizable claim on behalf of the LLC has been pled or otherwise exists." (Def.'s Resp., ECF No. 14, at 14; *see also id.* at 5, 8, 13.) As explained above, it is Defendant's burden to establish that "a nondiverse defendant is a formal or nominal party whose citizenship may be ignored for diversity purposes." *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 389 (S.D.N.Y. 2006).

10

2013). Further, were the Court to realign Qitopia as a Defendant, the same issue would arise, because a New York citizen would be present as a plaintiff and a defendant. *See Atanasio*, 235 F. Supp. 3d at 425–26; *Cook*, 950 F. Supp. 2d at 390 n.4; *DirecTV Latin Am., LLC v. Park 610, LLC*, No. 08-CV-3987 (VM) (GWG), 2009 WL 692202, at *5 (S.D.N.Y. Mar. 18, 2009), *report and recommendation adopted*, 614 F. Supp. 2d 446 (S.D.N.Y. 2009).

"In sum, in this case — as in any other where a LLC and squabbling LLC members form a cohort of adverse parties — federal diversity jurisdiction over the squabble is not available under § 1332(a)." *Atanasio*, 235 F. Supp. 3d at 426; *see also Rose*, 2018 WL 4344954, at *3; *Bischoff v. Boar's Head Provisions Co.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y. 2006). Accordingly, the undersigned respectfully recommends that this case be remanded to New York Supreme Court, Queens County. *See Mitskovski*, 435 F.3d at 131.[5]

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that this case be remanded to New York State Supreme Court, Queens County, under Index No. 724885/2021.

\*   \*   \*   \*   \*

Any objections to this report and recommendation must be filed within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v.*

---

[5] Plaintiff Ding notes that she "reserves the right to seek an order requiring that Defendant pays for Plaintiffs' attorneys' fees and costs incurred as a result of this improper removal pursuant to 28 U.S.C. § 1447(c)," which Defendant preemptively opposes. (Pls.' Mot., ECF No. 13, at 2; Def.'s Resp., ECF No. 14, at 16–17.) However, no such motion is currently before the Court.

11

*Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated: Brooklyn, New York
June 6, 2022

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE