THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIYING DING, individually and derivatively on behalf of Qitopia at Willowbrook Mall LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>LIANG SUN,<br><br>        Defendant | **Index No. 1-21-CV-06968-KAM-TAM** |

---

## DEFENDANT LIANG SUN'S OBJECTION TO THE REPORT AND RECOMMENDATION TO REMAND THE CASE TO THE STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION

---

Of Counsel and on Brief:

Robert A. Diehl, Esq.

Madjeen Garcon, Esq.

## Table of Contents

*PRELIMINARY STATEMENT* ................................................................................................ *- 4 -*

*PROCEDURAL HISTORY* ................................................................................................... *- 5 -*

*LEGAL ARGUMENT* .......................................................................................................... *- 9 -*

    **STANDARD OF REVIEW** ............................................................................................ - 9 -

*OBJECTIONS* ..................................................................................................................... *- 9 -*

*CONCLUSION* .................................................................................................................. *- 11 -*

# TABLE OF AUTHORITIES

## CASES

*Whitaker v. Am. Telecasting, Inc.*, ------------------------------------------------------------------ - 6 -

## STATUTES

28 U.S.C §1332------------------------------------------------------------------------------ 10 -

28 U.S.C. § 1332 ------------------------------------------------------------------------- - 5 -

28 U.S.C. § 1447 (c ) -------------------------------------------------------------------- - 8 -

28 U.S.C. § 63(b)(1)(C)----------------------------------------------------------------- - 8 -

28 U.S.C. §636(b)------------------------------------------------------------------------ - 4 -

Fed. R. Civ. P. 72 ------------------------------------------------------------------------ - 4 -

FRCP 72(b)(3) --------------------------------------------------------------------------- - 8 -

Pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72, Defendant Liang Sun ("Defendant") by and through his undersigned counsel, respectfully submits his objections to the Report and Recommendations by the Honorable Taryn A. Merkl, U.S.M.J., dated June 6, 2022,(Dkt. No. 15), recommending, *sua sponte*, that the action be remanded to state court for lack of diversity jurisdiction. As such, and for the reasons set forth herein, it is respectfully requested that an Order remanding the matter to State Court not be entered as recommended in the June 6, 2022 Report and Recommendation and that the Federal Courts retain jurisdiction over this matter.

## PRELIMINARY STATEMENT

The present objection is being made, in an abundance of caution, in order to preserve the Defendant's rights as the litigation in this matter continues. Although it is acknowledged that footnote 4 of the June 6, 2022, Report and Decision noted that the Court was not persuaded by the arguments pertaining to the Plaintiff's failure to move to amend the Complaint, it is respectfully submitted that the Plaintiff's inability to amend the Complaint justifies retaining this matter in either the Federal Courts of New York or New Jersey. More specifically, the Defendant remains of information and belief that the Plaintiff cannot maintain a derivative action in this matter and that the Plaintiff is aware that she cannot do so. Further, and despite being urged by this Court to move to amend the Complaint to resolve the issue of no actual derivative claims being made in the Complaint, the Plaintiff has not done so. Such a decision has prejudiced the Defendant, who has been forced to argue why the Qitopia LLC entity is a nominal party in the absence of any detail as to any specific claims the Plaintiff is actually attempting to bring on behalf of the LLC entity and has also unnecessarily burdened this Court with having to review the Complaint in detail in order to speculate whether there is any possibility that a claim could be brought on behalf of the LLC entity. In light of the Defendant's belief that such a refusal to amend the Complaint was

intentional, and that the Plaintiff is aware that she cannot maintain a derivative claim, the present objection is being filed in an abundance of caution to preserve all rights associated with any remand resulting from the Plaintiff's silence on this issue.

## **PROCEDURAL HISTORY**

1.     On or about November 5, 2021, Plaintiff Shiying Ding filed a civil action entitled *Shiying Ding, individually and derivatively on behalf of Qitopia at Willowbrook Mall LLC v. Liang Sun*, under Index Number 724885/2021 in the Supreme Court of New York, County of Queens ("State Court Action"). [ECF Doc. No. 13].

2.     The Summons and Complaint were served upon Defendant Liang Sun on November 20, 2021. These documents constitute all pleadings, processes, and other documents provided to Defendant in this action. The Summons and Complaint were the initial pleadings received by Defendant setting forth the claims upon which Plaintiff's action is based. [ECF Doc. No. 13, Exhibit 2].

3.     On December 17, 2021, Defendant Liang Sun timely filed a Notice and Petition for Removal in the United States District Court for the Eastern District of New York. [ECF Doc. No. 1].

4.     The basis of the removal was the diversity of citizenship pursuant to 28 U.S.C. § 1332, as this action involves a controversy between citizens of different states. [ECF Doc. No. 1].

5.     More specifically, the individually named Plaintiff Shiying Ding is and has been, both upon the filing of the subject Complaint in November 2021 and at the time of the removal petition, a resident of the State of New York. [ECF Doc. No. 1].

6.      In contrast, the Defendant has been and is, both upon the filing of the subject complaint in November 2021 and at the filing of the removal petition, a resident of the State of New Jersey. [ECF Doc. No. 1].

7.      Notably, this action includes certain claims by the Plaintiff Ms. Ding that she was allegedly frozen out of the parties' business, a massage business named "Qitopia at Willowbrook Mall LLC" located in the Willowbrook Mall in Wayne, New Jersey, in which the Plaintiff Ms. Ding has a minority interest. [ECF Doc. No. 1].

8.      The Plaintiffs' Complaint then includes four (4) causes of action, seeking relief as follows: 1.) for an Order restoring the Plaintiff's minority ownership rights and authorities as a manager of the Qitopia business; 2.) for an Order allowing the Plaintiff to inspect the books and operating records of the Qitopia business; 3.) for a judgment constituting half of the profits of the business since the Plaintiff was last involved in the subject business, and 4.) seeking an Order declaring the Plaintiff a 49% owner of the subject business.

9.      The Notice and Petition for Removal further addressed the fact that the individually named Plaintiff Ms. Ding had also attempted to name the Qitopia business itself as a Plaintiff, fashioned as a derivative action. [ECF Doc. No. 1].

10.     As noted in the Notice and Petition for Removal, however, despite the Plaintiff alleging that this is a derivative action brought in the name of the Plaintiff "individually and derivatively on behalf of Qitopia at Willowbrook Mall LLC," no actual claims have been made on behalf of the Qitopia at Willowbrook Mall LLC entity. [ECF Doc. No. 1].

11.     The Notice and Petition for Removal further noted that the Plaintiff's Fourth Cause of Action sought a declaratory judgment ruling that the Plaintiff owns a 49% membership interest in the Qitopia at Willowbrook Mall LLC entity and that such relief contradicted the Plaintiff's

representation that she had the authority to bring the Complaint individually and on behalf of the LLC entity. [ECF Doc. No. 1].

12. The Notice and Petition for Removal then specifically cited to *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206-07 (2d Cir. 2001) for the proposition that the Qitopia at Willowbrook Mall LLC entity was not an appropriate or relevant party for the purposes of any diversity jurisdiction analysis. [ECF Doc. No. 1].

13. Despite being on notice of the Defendant's position concerning diversity jurisdiction for over six (6) months, the Plaintiff has never sought to amend its Complaint to address the Defendant's removal based upon the absence of any Qitopia claims.

14. In fact, the Plaintiff has never taken any formal action in effort to raise an affirmative objection as to the removal.

15. In contrast, the Defendant has at all relevant times proceeded appropriately and pursuant to Federal Rules of Court, inclusive of this Court's individual rules.

16. As such, it is respectfully submitted that it is clear that the Plaintiff cannot sustain an actual claim on behalf of the Qitopia entity.

17. As a result, diversity jurisdiction exists, and that the District Courts of either New York or New Jersey are the more appropriate venues for this action.

18. By way of further procedural history, on January 24, 2022, this office filed a motion for a Pre-Motion Conference on behalf of the Defendant seeking leave of the Court to file a 12(b) Motion to Dismiss in Lieu of an Answer and a Motion to Transfer this matter to the District Court for the District of New Jersey. [ECF Doc. No. 6].

19. On April 13, 2022, a telephonic Initial Conference was held with the Hon. Taryn A. Merkl, U.S.M.J. and all counsel, during which the Hon. Taryn A. Merkl, U.S.M.J., questioned

why Plaintiff had not sought to amend her Complaint to address the absence of a specific derivative claim. (See, Garcon Affirmation of Madjeen Garcon, Esq. ("Garcon Affirmation") as "Exhibit A").

20.     On April 13, 2022, the Hon. Taryn A. Merkl, U.S.M.J., then also entered an Order to Show Cause directing the parties to submit simultaneous briefs concerning their positions as to why this matter should not be remanded to State court for want of complete diversity of citizenship.

21.     Despite the discussion during the Initial Conference that an amendment to the Complaint may be appropriate, the Plaintiff never sought to amend their Complaint and instead permitted the Order to Show Cause to proceed in the absence of any application to amend.

22.     Defendant respectfully responded to Hon. Taryn A. Merkl's Order to Show Cause and opposed any remand to State Court for the reasons set forth therein. [ECF Doc. No. 14].

23.     The Plaintiff, in turn, also filed a position statement requesting that the matter be remanded. [ECF Doc. No. 13].

24.     On June 06, 2022, Honorable Taryn A. Merkl recommended that this case be remanded for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447 (c). [ECF Doc. No. 15]

25.     The June 6, 2022, Report and Recommendation included a statement that the Report and Recommendation was the result of the *Plaintiffs' Motion to Remand the Case*, despite the fact that the Plaintiff had never filed any such motion or otherwise formally sought to challenge the removal of the action by Defendant. [ECF Doc. No. 15, page 1].

26.     The Defendant now respectfully submits his objection to the June 6, 2022, Report and Recommendation of the Hon. Taryn A. Merkl, U.S.M.J.

# LEGAL ARGUMENT

## STANDARD OF REVIEW

Pursuant to FRCP 72(b)(3) and 28 U.S.C. § 63(b)(1)(C), this Court's review is *de novo*. ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. This district judge may accept, reject, or modify disposition; receive further evidence; or return the matter to the magistrate judge with instructions.") ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.")

## OBJECTIONS

Defendant respectfully objects to the Report and Recommendation finding that the defendant failed to show that Qitopia is a nominal party and that this Court, therefore, lacks Subject Matter Jurisdiction. It is therefore respectfully requested that the Court reconsider the recommendations made in the June 6, 2022, Report and Recommendation and that the Federal Courts retain jurisdiction over this matter.

The present objection is based upon several specific issues which the Defendant respectfully submits warrants reconsideration of the recommendation that the matter is remanded for lack of subject matter jurisdiction. More specifically, and first, it is noted that the June 6, 2022,

Report and Recommendation made several references to the Plaintiff has filed a Motion for Remand, despite the fact that no such motion was ever made by the Plaintiff. In fact, and despite the Court suggesting that the Plaintiff amend the Complaint to address the ambiguity surrounding whether the Plaintiff could bring a derivative claim on behalf of the LLC entity, the Plaintiff never did so. As such, the Plaintiff has repeatedly chosen not to assist with resolving the present issue before this Court. Although it is acknowledged that the removing party, in this case the Defendant, bears the burden of justifying the removal, it is respectfully submitted that such a standard does not allow a litigant to suggest causes of action through omission that they cannot substantiate in the litigation. Stated differently, the Defendant in this action has at all relevant times been of the understanding that the Plaintiff cannot actually sustain a derivative action on behalf of the Qitopia entity, that the Plaintiff is aware of such an inability to do so, and that this is the reason that the Plaintiff has not sought to amend its pleading. The Plaintiff, in turn, has also sought to benefit from such an ambiguity, refusing to amend its Complaint even at the urging of the Court that it do so. Such conduct has prejudiced the Defendant, who has been forced to argue concerning an unpled claim and has unnecessarily burdened the Court with seeking to speculate as to the scope of what claims the Plaintiff could ultimately bring. As a result, and as the Defendant anticipates that it will ultimately be shown through the litigation that the Plaintiff cannot sustain such a claim, the Defendant respectfully submits the present objection, in an abundance of caution, to preserve all rights concerning the Plaintiff's silence and omissions on these points as the litigation continues.

On a related point, it is also noted that the June 6, 2022, Report and Recommendation makes several references to the Plaintiff has filed a Motion to Remand. It is respectfully submitted that such a characterization is not accurate because the Plaintiff never took any formal action to obtain a remand. In fact, despite this matter having been removed in December of 2021, and

despite the Notice of Removal clearly arguing, with supporting case law, that removal was appropriate because the Qitopia LLC entity was a nominal party, the Plaintiff had never taken any formal action in this matter to remand the action before the Court entered a *Sua Sponte* Order to Show Cause directing the parties to file position statements on this issue. As a result, the Defendant also respectfully objects to the entry of an Order based upon the June 6, 2022, Report and Recommendation because the Plaintiff never actually sought to remand the action, despite being on notice of such an argument since the end of 2021. It is therefore respectfully submitted that the June 6, 2022, Report and Recommendation must be reconsidered in the absence of any such application on the part of the Plaintiff despite nearly six (6) months passing of notice of the removal and the Defendant's position that the Qitopia LLC entity was a nominal party for the purposes of removal.

Again, and as articulated in the Defendant's prior submission in opposition to any remand of this action, there is absolutely no dispute that there is diversity jurisdiction as to the two (2) individually named parties, Plaintiff Ms. Ding who is a resident of the State of New York and Defendant Mr. Sun who is a resident of the State of New Jersey. As set forth herein, diversity jurisdiction is, therefore, present under 28 U.S.C §1332 once the real parties in interest are identified and realigned to account for their true interests, as is required in the Second Circuit when conducting a diversity analysis. The Defendants have clearly met their burden.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that the June 6, 2022, Report and Recommendation be reconsidered and that this Court retain jurisdiction over this matter.

**BITTIGER ELIAS TRIOL & DIEHL, P.C.**
*Counsel for Defendant, Liang Sun*


/S/ MADJEEN GARCON
MADJEEN GARCON, ESQ.
12 Route 17 North, Suite 206
Paramus, New Jersey 07652
mgarcon@bittigerelias.com
(201) 438-7770