UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------

SHIYING DING, individually and
Derivatively on behalf of Qitopia
at Willowbrook Mall LLC,
                              *PLAINTIFFS*,        **MEMORANDUM & ORDER**
    -against-                                      21-CV-6968 (KAM)(TAM)
LIANG SUN,
                              *DEFENDANT*.
----------------------------------

**MATSUMOTO, United States District Judge:**

Presently before the Court is the Report and Recommendation issued August 8, 2022 ("R&R") by Magistrate Judge Taryn Merkl, recommending that this Court remand the instant action back to New York Supreme Court, Queens County for lack of diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 15, R&R.)  Also before the Court are Defendant's timely objections to the R&R and Plaintiff's reply. (ECF Nos. 16, Defs. Obj; 21, Pl. Reply.)  The Court respectfully overrules Defendant's objections and adopts Magistrate Judge Merkl's R&R in its entirety for the reasons below, and accordingly, orders that this action be remanded back to the New York State Supreme Court, Queens County, New York.

## BACKGROUND

On November 5, 2021, Plaintiff Shiying Ding ("Plaintiff") filed a civil action, individually and derivatively on behalf of Qitopia at Willowbrook Mall LLC ("Qitopia LLC"), against Defendant Liang Sun ("Defendant") in the Supreme Court of

1

New York, County of Queens. (ECF Doc. No. 13.) On December 17, 2021, Defendant filed a Notice and Petition for Removal in the United States District Court for the Eastern District of New York. (ECF Doc. No. 1.) The basis of the removal was the diversity of citizenship pursuant to 28 U.S.C. § 1332, Defendant asserting that this action involved a controversy between citizens of different states. (ECF Doc. No. 1.) On January 24, 2022, the Defendant filed a letter requesting a Pre-Motion Conference with the Court for an anticipated 12(b) Motion to Dismiss and a Motion to Transfer this matter to the District Court for the District of New Jersey. (ECF Doc. No. 6.)

On April 13, 2022, Magistrate Judge Taryn A. Merkl, recognizing that Qitopia LLC shared citizenship with its two members, Plaintiff and Defendant, entered an Order to Show Cause directing the parties to file memoranda addressing whether there was complete diversity for purposes of subject matter jurisdiction, and whether this action should be remanded. On April 27, 2022, the parties submitted briefing in response to Magistrate Judge Merkl's Order to Show Cause, and Plaintiff requested that the matter be remanded. (ECF No. 13-14.)

On June 6, 2022, in a soundly analyzed R&R, Magistrate Judge Merkl recommended that the case be remanded for lack of diversity subject matter jurisdiction, finding that Defendant failed to demonstrate that Qitopia LLC was a nominal party, and

2

that its citizenship and distinct stake in the outcome precluded the exercise of diversity jurisdiction.  (ECF Doc. No. 15, R&R at 7-9, 11.)  Judge Merkl thus recommended remand of this case to the Supreme Court for Queens County.  On June 21, 2022, the Defendant submitted objections to the R&R and on June 28, 2022, the Plaintiff replied, in support of the R&R remanding the case back to state court.  (ECF Nos. 16; 21.)

## LEGAL STANDARD

In reviewing the R&R of a Magistrate Judge, the District Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions."  Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).  When a party objects to an R&R, the Court must review *de novo* those recommendations in the R&R to which the party objects.  See Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  Where a party does not object to a portion of the R&R, the Court "'need only satisfy itself that there is no clear error on the face of the record.'"  *Galvez v. Aspen Corp.*, 967 F. Supp. 2d 615, 617 (E.D.N.Y. 2013) (quoting *Reyes v. Mantello*, No. 00-cv-8936, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003)).

If, however, "the [objecting] party makes only frivolous, conclusory or general objections, or simply reiterates [his] original arguments, the Court reviews the

3

report and recommendation only for clear error." *Velez v. DNF Assocs.*, LLC, No. 19-CV-11138, 2020 WL 6946513, at *2 (S.D.N.Y. Nov. 25, 2020) (*quoting Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014)); *see also Colliton v. Donnelly*, No. 07-CV-1922, 2009 WL 2850497, at *1 (S.D.N.Y. Aug. 28, 2009), *aff'd*, 399 F. App'x 619 (2d Cir. 2010) ("The vast majority of [the party's] objections are patently frivolous and require no discussion."); *Brown v. Ebert*, No. 05-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006) ("[W]here the objections are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition,' the court reviews the report for clear error." (*quoting Gardine v. McGinnis*, No. 04-CV-1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006))).

## DISCUSSION

The Court finds that Defendant's objections are of a frivolous, conclusory, and general nature, thus triggering only clear error review. Defendant has not sufficiently identified any specific findings or conclusions in the carefully analyzed R&R to which he objects to prompt this Court's *de novo* review. *See e.g., Barratt v. Joie*, No. 96-cv-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)("When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [r]eport and [r]ecommendation only for

4

clear error."). Nonetheless, the Court applies both clear error and *de novo* review to Defendant's objections, and affirms Magistrate Judge Merkl's meticulously reasoned R&R.

Defendant objects to the Magistrate Judge's recommendation that the Court remand the case back to Queens County, asserting that Plaintiff never amended her complaint, despite being provided opportunities to do so, and thus, has not sufficiently established Qitopia LLC as a derivative party that would undermine diversity jurisdiction. (ECF No. 16, Def. Obj. at 10.) This argument is without merit, because the Magistrate Judge found sufficient facts pleaded in the initial complaint, to base her recommendation to remand for lack of diversity between the parties. The Magistrate Judge found Plaintiff's allegations that Defendant "exclud[ed her] from the LLC's daily business affairs," and that "[w]ithout access to the company's operating records and books, Plaintiff is not able to fulfill her responsibilities as a manager of the LLC" demonstrated that Qitopia LLC's presence in the litigation was necessary to accord complete relief. (ECF No. 15, R&R at 6-7 fn. 2-3.) The Magistrate Judge found that the facts presented by Plaintiff, without amendment, were sufficient establish that the LLC is not a nominal party, and the Court therefore need not decide if the Plaintiff's claims against the LLC are derivative or direct. (*Id*.) The Defendant, in his objections, insufficiently

5

addresses the Magistrate Judge's findings that he failed to show that Qitopia LLC is a nominal party.

The Defendant also frivolously asserts that because Plaintiff never filed a formal motion to remand, the R&R "must be reconsidered [by this Court] in the absence of any such application on the part of the Plaintiff." (ECF No. 16, Def. Obj. at 11.) This argument is frivolous because Federal District Courts may consider the appropriateness of subject matter jurisdiction *sua sponte*. 28 U.S.C. § 1331. Here, the Court ordered the parties to submit briefing and show cause on the issue of subject matter jurisdiction. Thus, Plaintiff need not have moved for a remand. "A district court may raise the issue of subject matter jurisdiction *sua sponte*, and due to the constitutionally limited jurisdiction of the Federal Courts, is obligated so to do if it lacks jurisdiction." *Bartfield v. Murphy*, 578 F. Supp. 2d 638, 644 (S.D.N.Y. 2008)(citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997).)

Based on the foregoing reasons, Defendant's objections are overruled, and the R&R is adopted in its entirety. On both clear error and *de novo* review, the Court, having carefully reviewed Judge Merkl's thorough and well-reasoned R&R, affirms and adopts the R&R in its entirety. Judge Merkl's findings, recommendations, and conclusions are supported by her extensive

and exhaustive review of the relevant allegations and filings in this action as well as applicable case law. Accordingly, the Clerk of Court is respectfully directed to remand the matter to New York Supreme Court, Queens County and close the case.

**SO ORDERED.**

/s/ Kiyo A. Matsumoto
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated: Brooklyn, New York
February 27, 2023